# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

In re: Estate of William D. Erickson,

                                              Case No. 17-cv-4670 (JNE/KMM)

    Decedent.                                 ORDER

Before the Court are two motions in the above-entitled matter. The Estate of William D. Erickson ("the Estate") seeks to remand to state court its notice of disallowance against the United States on the grounds that removal was untimely. The United States moves to consolidate the removed action with its other pending action against the Estate in this Court. For the reasons set forth below, the Estate's motion to remand is denied, and the United States' motion to consolidate is granted.

## BACKGROUND

William D. Erickson died on October 13, 2016. The Estate of William D. Erickson ("the Estate") was opened on April 13, 2017. It is currently being probated in the Anoka County District Court in Minnesota. *In re: Estate of William D. Erickson,* Court File No. 02-PR-17-197.

At the time of his death, Erickson owed federal income taxes for 2003 through 2008, inclusive. On May 4, 2017, the IRS filed a proof of claim with the Estate, notifying the Estate's attorney of unpaid tax liabilities totaling $31,122.47. On May 5, 2017, the United States filed a complaint in this Court to reduce to judgment the income tax

1

assessments against Erickson. *United States v. Jane Doe, as personal representative of the Estate of William D. Erickson*, Case No. 17-cv-1492. On June 29, 2017, Hope A. Stewart was appointed as personal representative of the Estate. The United States then amended its complaint in this Court to name Stewart as personal representative of the Estate. *United States v. Hope A. Stewart, as personal representative of the Estate of William D. Erickson*, Case No. 17-cv-1492 ("*Stewart I*"). Stewart answered and denied the Estate's liability on August 10, 2017.

On September 28, 2017, Stewart filed a notice of disallowance in Anoka County District Court. ECF No. 1-1. That notice asserted that the IRS's claim of $31,122.27 against the estate would be barred unless the IRS filed a petition for allowance or commenced a proceeding against Stewart within two months. On October 12, 2017, the United States removed Stewart's notice of disallowance to this Court under 28 U.S.C. § 1442, creating the above-entitled matter ("*Stewart II*"). On November 13, 2017, Stewart moved to remand *Stewart II*, arguing that removal by the United States was untimely. On November 20, 2017, the United States moved to consolidate *Stewart II* with *Stewart I*. Both motions are before the Court now.

## DISCUSSION

### A. Motion to Remand

Stewart argues that the United States' removal was untimely. She contends that the United States was required to file its notice of removal by June 30, 2017, or 30 days from the date on which the United States' proof of claim form was filed with the Anoka County District Court. Stewart argues that the 30-day clock began on May 30 because

this was the "latest date by which it would have been ascertainable by the [United States] that the state probate case was removable." Pl.'s Mot. Remand at 2. In so arguing, Stewart appears to rely on 28 U.S.C. § 1446(b)(3). Under that provision, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Stewart's timeliness argument is unsuccessful. Only a defendant can remove a state action to federal court, and the United States was not a defendant in any action against Stewart as of May 30, 2017. Filing the proof of claim form did not transform the United States into a defendant. As such, the case had not become removable by the date Stewart proposes, and as such, the United States was not faced with a June 30, 2017 deadline for removal. Accordingly, Stewart's remand motion is denied.

### B. Motion to Consolidate

The United States moves to consolidate *Stewart I* and *Stewart II*. *Stewart I* is the suit brought by the United States against Stewart seeking to reduce Erickson's income tax assessments to judgment. *Stewart II*, the above-entitled matter, involves Stewart's attempt to disallow the IRS's claim to Erickson's tax assessments. The United States argues that the actions involve common questions of law and fact, as required under Fed. R. Civ. P. 42(a)(2). Stewart has not objected to the motion.

The Court agrees with the United States that the two actions involve common questions of law and fact, and that consolidation is appropriate in the interests of

3

convenience and judicial economy. *See Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). Accordingly, the motion to consolidate is granted.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The Motion to Remand to State Court [ECF No. 7] is DENIED.

2. The Motion to Consolidate Cases [ECF No. 14] is GRANTED.

Dated: February 23, 2018　　　　　　　　　　　　**s/ Joan N. Ericksen**
　　　　　　　　　　　　　　　　　　　　　　　JOAN N. ERICKSEN
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge